UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TANYA LYNN BOYD, | Case No. 18-CV-1900 (ECT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

---

Petitioner Tanya Lynn Boyd pleaded guilty in the United States District Court for the Southern District of Iowa to one count of conspiracy to manufacture at least 500 grams of methamphetamine and one count of endangering human life while manufacturing methamphetamine. *See United States v. Boyd*, No. 3:08-CR-0044 (S.D. Iowa). She is now serving a 178-month term of imprisonment on those convictions at the Federal Correctional Institution in Waseca, Minnesota.

Boyd did not file a direct appeal challenging her conviction or her sentence, but she has twice sought collateral relief from her convictions and sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Iowa. Neither effort was successful. Boyd's first § 2255 motion was denied partly for untimeliness and partly on the merits. *See Boyd v. United States*, No. 4:16-CV-0042 (S.D. Iowa). Her second § 2255 motion was dismissed as "second or successive" within the meaning of 28 U.S.C. § 2255(h) and lacking the necessary authorization from the court of appeals. *See Boyd v. United States*, No. 4:16-CV-0572 (S.D. Iowa).

1

Boyd then filed a petition for a writ of habeas corpus in this District. *See* Petition [ECF No. 1]. Her basis for seeking relief, though, was unclear from the petition. The lone ground for relief in her habeas petition stated only that she was denied "due process," without explaining *how* her due-process rights had been violated. Petition at 6. Boyd also suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she did not state what that decision was. *See id*. at 4, 6. None of these vague or conclusory statements was sufficient to put the government on notice of the specific claim being raised by Boyd in challenging her sentence. Accordingly, the Court asked Boyd to clarify her basis for relief. *See* ECF No. 2. The Court also asked Boyd to explain why a habeas corpus petition was the appropriate vehicle for relief on the claim being raised. *Id*.

Boyd has now filed two supplementary responses. In the first response, Boyd argued that the career-offender enhancement imposed at sentencing in her case was invalid due to the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* ECF No. 3. Boyd further argued that a petition for a writ of habeas corpus was appropriate because no other vehicle for relief, such as a motion under § 2255, was available for her to raise a claim under *Dimaya*. Because Boyd had sought relief under § 2255 previously, any subsequent motion she brought under § 2255 could be authorized only if the claims in that motion were based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Boyd argued that *Dimaya* was a new rule made retroactive to cases on collateral review by the

2

Supreme Court, but that because *Dimaya* stated a *statutory* rule rather than a *constitutional* rule, § 2255(h)(2) did not permit authorization of a motion raising a *Dimaya* claim. This, in turn, rendered § 2255 "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e). And because § 2255 was "inadequate or ineffective," Boyd concluded, habeas corpus relief from her sentence remained available to her. *See id*.

In her second response, Boyd offered a different but related argument with respect to *Dimaya*. Insofar as a petitioner may be looking to challenge a determination under 18 U.S.C. § 16(b) — the provision at issue in *Dimaya* — the petitioner may be able to proceed under § 2255, Boyd suggests. But Boyd seeks to use *Dimaya* not to challenge § 16(b), but (in addition to her career-offender claim) to challenge her conviction under 21 U.S.C. § 858 for endangering human life while manufacturing methamphetamine. According to Boyd, because the Supreme Court has not applied *Dimaya* to § 858, she cannot proceed with that claim under § 2255. And because Boyd cannot proceed under § 2255 (she posits), she must be able to proceed under § 2241.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C.

§ 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

    Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255."). Some, though not all, circuits have concluded that habeas corpus relief is appropriate where — as Boyd argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review. *See United States v.*

*Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

The Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of § 16(b) void for vagueness — that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new rule of constitutional law, not statutory law*, see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding. Thus, assuming that the other requirements of § 2255(h) are met[1] — the rule of *Dimaya* is

---

[1] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

"new," that rule applies retroactively to cases on collateral review, and so on — Boyd may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals.

Nor, contrary to her argument in the second supplementary response, does it help her cause that Boyd may be intending to use *Dimaya* for a purpose other than to challenge a conviction related to § 16(b). Insofar as Boyd challenges her conviction under § 858,[2] she is not so much attempting to invoke *Dimaya* as she is attempting to raise a claim *similar in kind* to the one that was successful in *Dimaya* — specifically, that the statute under which she was convicted was too vague to comport with due process. This slippage matters. Boyd hopes to justify her invocation of the savings clause by arguing that not until *Dimaya* could she have raised her claim, and thus she could not have raised her claim under § 2255 previously. But nothing in *Dimaya*, specifically, calls into question the validity of Boyd's conviction under § 858; the case involved different relevant statutory language. Rather, Boyd seeks to invoke general due-process principles that, as a general matter, underpin *Dimaya*. But those *principles* had been long in effect prior to *Dimaya*, and to the extent that *Dimaya* represented an expansion of law by applying those principles to § 16(b), that expansion is wholly irrelevant to Boyd. Put

---

[2] *Dimaya* is more directly relevant to Boyd's career-offender challenge, which is the subject of her first supplementary response. *See* ECF No. 3. That said, although the Court does not reach the merits of that claim (because, as explained above, the claim may be raised under § 2255, even in a second or successive motion), Boyd's first motion under § 2255 in the Southern District of Iowa contained an almost identical claim arising under *Johnson* that was denied essentially on the merits.

another way, nothing prevented Boyd from raising her vagueness claim previously.[3] And because she could have raised the vagueness claim previously, Boyd cannot fault the ineffectiveness of § 2255 for having failed to raise that claim.

Boyd has not justified her invocation of the savings clause. The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: October 24, 2018                *s/Tony N. Leung*_____
                                       Tony N. Leung
                                       United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[3] The claim would likely have been a losing one if raised by Boyd, as the Eighth Circuit has concluded that the language of § 858 is not unduly vague. *United States v. Carpenter*, 422 F.3d 738, 746 (8th Cir. 2005). But neither *Dimaya* nor *Johnson* at first blush appear to affect that holding.